OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 7, 2002

The Honorable Bill Carter
Chair, House Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0474

Re: Whether a member of the City Council of the City of Watauga may appoint himself to the Board of Directors of the Watauga Crime Control and Prevention District (RQ-0452-JC)

Dear Representative Carter:

You have requested our opinion as to whether a member of the City Council of the City of Watauga may appoint himself to the Board of Directors of the Watauga Crime Control and Prevention District. For the reasons set forth below, we conclude that he may not do so.

Crime control and prevention districts are authorized by chapter 363 of the Local Government Code. A crime control and prevention district "may be proposed," *inter alia*, in a municipality "that is partially or wholly located in a county with a population of more than 5,000." TEX. LOC. GOV'T CODE ANN. § 363.051(a) (Vernon Supp. 2002). The City of Watauga is located in Tarrant County, which has a population of more than 5,000. *See* U. S. CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/ (Tarrant County population is 1,446,219). We have been informed that the Watauga Crime Control and Prevention District (the "WCCD") was created by the City Council of the City of Watauga in 1996.[1] Section 363.1015 provides:

> (a) The governing body of a municipality or county by resolution may appoint the governing body's membership as the board of directors of the district.

> (b) In a district for which the board is not appointed under Subsection (a), the governing body of the municipality or county may create a board by having each member of the governing body appoint one director to the board, subject to confirmation by the governing body.

---

[1]Letter from Mark G. Daniel, City Attorney, City of Watauga, to Honorable John Cornyn, Texas Attorney General (Oct. 25, 2001) (on file with Opinion Committee) [hereinafter Daniel Brief].

(c) A director appointed under Subsection (b) serves:

> (1) at the pleasure of the governing body of the municipality or county; and

> (2) for a term concurrent with the term of the appointing member.

TEX. LOC. GOV'T CODE ANN. § 363.1015 (Vernon Supp. 2002).

A letter from the City Attorney for the City of Watauga indicates that, "[t]he Watauga City Council explored the idea of invoking the provision of L.G.C. § 363.1015(a) which allows the governing body to serve as the Board for the WCCD but instead opted under L.G.C. § 363.1015(b) to allow members of the City Council to appoint individuals to serve." Daniel Brief, *supra* note 1, at 1. Furthermore, since 1996, the WCCD board "has consisted of members of the City Council who have appointed themselves to the board. Two City Councilmen were defeated in the general election this past May and declined to relinquish their positions on the Board following a request to do so by members of the incumbent City Council." *Id.* Recently, an incumbent city council member "sought to appoint himself (as was done for more than five (5) years) which resulted in a complaint that such action is violative of the 'doctrine of incompatibility.'" *Id.*

Subsection (a) of section 363.1015 permits the governing body of a municipality to appoint its membership *as a group* "as the board of directors of the district." The City Council of Watauga, however, opted to avail itself of subsection (b). You indicate that a resolution of the City Council dated July 23, 2001 "adopted the procedures under Section 363.1015(b) of appointing members to the Crime Control and Prevention District."[2] Subsection (b) does not specifically permit a member of a local governing body to appoint himself to the board of directors of a crime control and prevention district. In the absence of such specific authorization, common-law incompatibility prevails.

In *Ehlinger v. Clark*, 8 S.W.2d 666 (Tex. 1928), the Texas Supreme Court declared:

> It is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have with great unanimity throughout the country declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint.

*Id.* at 674. Many subsequent attorney general opinions have applied this principle. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JM-934 (1988) (members of school district board of trustees may not appoint

---

[2]Letter from Honorable Bill Carter, Chair, House Committee on Urban Affairs, to Honorable John Cornyn, Texas Attorney General (Oct. 12, 2001) (on file with Opinion Committee).

themselves to governing board of a community college district); JM-386 (1985) (city council may not appoint one of its members to the city's police reserve); Tex. Att'y Gen. LO-93-070 (governing body of entity authorized to make appointments to board of directors of Edwards Aquifer Authority may not appoint one of its own members to that position); LO-92-008 (board of trustees of community college district may not appoint one of its own members to the position of interim chancellor). More recently, we said that the City of San Antonio lacked the authority to adopt an ordinance providing that a member of the city council could be appointed to the Board of Directors of the Greater Kelly Development Authority. Tex. Att'y Gen. Op. No. JC-0225 (2000).

We believe it is clear that the principle of *Ehlinger v. Clark* controls the situation you pose and that, as a result, a member of the Watauga City Council that appoints directors to the Watauga Crime Control and Prevention District may not appoint himself as a director of that district.

## S U M M A R Y

Unless the City Council of the City of Watauga appoints itself as a body to the Watauga Crime Control and Prevention District, members of the City Council are prohibited by the common-law doctrine of incompatibility from appointing themselves as directors of the Watauga Crime Control and Prevention District.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee